UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| JEFFERY WAYNE HAITHCOTE, | ) | |
|---|---|---|
| | ) | Case No. 1:21-CV-004 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| JERRY JOHNSON, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff, a prisoner of the Tennessee Department of Correction ("TDOC") currently housed in the Northeast Correctional Complex ("NECX"), filed a pro se complaint for violation of 42 U.S.C. § 1983 that proceeded only as to his claim that on August 16, 2019, while he was incarcerated in the Bledsoe County Correctional Complex ("BCCX"), Defendant Johnson took Plaintiff's prescribed wheelchair from him in violation of his Eighth Amendment rights after an altercation between Plaintiff and another inmate (Doc. 2, at 4, 15; Doc. 4, at 6–7). Now before the Court is Plaintiff's motion for discovery (Doc. 16) and Defendant Johnson's motion for summary judgment (Doc. 17). For the reasons set forth below, Plaintiff's motion for discovery (Doc. 16) will be **DENIED as moot**, Defendant Johnson's motion for summary judgment (Doc 17) will be **GRANTED**, and this action will be **DISMISSED without prejudice**.

### I. MOTION FOR DISCOVERY

Prior to Defendant Johnson filing his motion for summary judgment, Plaintiff filed a motion for discovery in which he states that in April of 2021, he sent Defendant Johnson's counsel a motion for discovery. (Doc. 16, at 1–2.) And while Plaintiff does not explicitly say

so, it appears that he did not receive a response to this motion, as he states that he asked Defendant Johnson's counsel about the requested discovery at his deposition on September 9, 2021, and Defendant Johnson's counsel denied receiving the discovery motion. (*Id.* at 1–2.) Based on these allegations, Plaintiff requests a copy of his medical records. (*Id.* at 1.) Defendant Johnson did not file a response to this motion, and his time for doing so has passed. E.D. Tenn. L.R. 7.1(a).

However, it is apparent that Plaintiff received a copy of his medical records after he filed his motion for discovery, as he filed a certified copy of his medical records with his response in opposition to Defendant Johnson's motion for summary judgment (Doc. 25-1), and the certification on those medical records indicates that they were notarized on November 1, 2021 (*Id.* at 1). Accordingly, Plaintiff's motion for discovery (Doc. 16) will be **DENIED as moot**.

## II. MOTION FOR SUMMARY JUDGMENT

In his motion for summary judgment and memorandum in support thereof, Defendant Johnson first asserts that Plaintiff failed to exhaust his available administrative remedies for his claim proceeding herein prior to filing his complaint, as the Prison Litigation Reform Act ("PLRA") requires.[1] (Docs. 17, 19.) In support of this motion and memorandum, Defendant Johnson filed his affidavit (Doc. 17-1), a certified copy of a portion of Plaintiff's medical records (Doc. 17-2), a certified copy of the prison documents related to two of Plaintiff's grievances (Doc. 17-3), a copy of the TDOC inmate grievance procedures (Doc. 17-4), and a statement of

---

[1] Defendant Johnson also asserts that he is entitled to summary judgment because, to the extent that he is sued in his official capacity, he is immune from suit, and the material facts establish that Plaintiff's allegations do not rise to the level of an Eighth Amendment violation. (Doc. 19, at 4–6.) But as the Court finds that Defendant Johnson is entitled to summary judgment based on Plaintiff's failure to exhaust his administrative remedies prior to filing this action, the Court will not reach the merits of these arguments.

2

material facts (Doc. 18). Plaintiff filed a response in opposition to the motion and the statement of material facts, as well as a copy of his medical records (Docs. 25, 25-1). For the reasons set forth below, Defendant Johnson's motion for summary judgment (Doc. 17) will be **GRANTED**, and this action will be **DISMISSED without prejudice**.

A. STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cty.*, 625 F.3d 935, 940 (6th Cir. 2010).

B. ANALYSIS

First, in support of his motion for summary judgment, Defendant Johnson filed certified copies of TDOC records for the two grievances Plaintiff filed while in BCCX (Doc. 17-3), and the parties agree that these are the only grievances Plaintiff filed about the issues in his complaint. (Doc. 17-3, at 1–2; Doc. 19, at 3; Doc. 25, at 16–17.) But one of these grievances does not mention Plaintiff's claim that Defendant Johnson took his wheelchair (Doc. 17-3, at 9–10), which, as set forth above, is the only claim proceeding herein (Doc. 4, at 6–7).

Thus, in addressing Defendant Johnson's motion for summary judgment due to Plaintiff's failure to exhaust his administrative remedies, the Court will only consider the grievance Plaintiff filed on February 14, 2020, which mentions Defendant Johnson taking Plaintiff's

3

wheelchair. (Doc. 17-3, at 23, 24–27.) The undisputed evidence in the record establishes that a prison official rejected this grievance as inappropriate because it addressed multiple issues, including classification matters that were "inappropriate to the [TDOC] grievance procedure," and that prison officials upheld this decision at all levels of appeal. (*Id.* at 19–24.) As the record establishes that this rejection of Plaintiff's grievance was proper, no reasonable jury could find that Plaintiff properly exhausted his available administrative remedies for this claim prior to filing this action, and Defendant Johnson is therefore entitled to summary judgment.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requires "proper exhaustion" of prisoners' administrative remedies for all claims. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). As such, prisoners must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88.

To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "'critical procedural rules'" in a manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "'on the merits.'" *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95)). "There is no uniform federal exhaustion standard [and] [a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

4

TDOC Inmate Grievance Procedure 501.01 IV.(H) defines a grievance as "a written complaint concerning the substance or application of a written or unwritten policy or practice, any single behavior or action toward an inmate by staff or other inmates, or any condition or incident within the Department or institution which personal[ly] affects the inmate complainant." (Doc. 17-4, at 1.) Additionally, a TDOC inappropriate grievance notification form that warns inmates that a grievance "complaint shall not address multiple issues" is part of the TDOC Inmate Grievance Procedures. (*Id.* at 14.) *See also* https://www.tn.gov/content/dam/tn/correction/documents/501-01.pdf (last visited February 24, 2022) (including the "Inappropriate Grievance Notification" form as part of the TDOC Inmate Grievance Procedures).[2]

However, it is worth noting that the TDOC "Inappropriate Grievance Notification" form that includes the warning that that a grievance "complaint shall not address multiple issues" cites TDOC Inmate Grievance Procedure 501.01 VI.(C)(1) to support this assertion. (*Id.*; Doc. 17-3, at 3, 24). But TDOC Inmate Grievance Procedure 501.01 VI.(C)(1) does not support this warning. (Doc. 17-4, at 2.) Moreover, Defendant Johnson did not file the TDOC Inmate Grievance Procedures handbook referenced in TDOC Inmate Grievance Procedure 501.01 VI.(A), such that the Court could determine whether this handbook may address this issue.

---

[2] As Defendant Johnson points out, the TDOC Inmate Grievance Procedures also required Plaintiff to file his grievance regarding that Defendant Johnson taking his wheelchair within seven days of August 16, 2019 (Doc. 17-4, at 2), and Plaintiff did not file his first grievance regarding this incident until February 14, 2020 (Doc. 17-3, at 23, 24–27). However, as TDOC prison officials did not reject the grievance on this ground and their rejection of the grievance as addressing multiple issues was proper, the Court will not address the untimeliness of the grievance.

Regardless, the undisputed proof in the record establishes that a prison official rejected Plaintiff's only grievance in which he referenced the taking of his wheelchair because it addressed multiple issues, as well as classification matters. (Doc. 2, at 24–25; Doc. 17-3, at 24.) While Plaintiff contests the dismissal of this grievance as "erroneous[]"in his response in opposition to Defendant Johnson's motion for summary judgment, he does not provide any support for this assertion (Doc. 25, at 17),[3] nor does the record support this conclusory assertion, which does not create a genuine issue of material fact that would preclude the Court from granting summary judgment. *Jones v. City of Franklin*, 677 F. App'x 279, 282 (6th Cir. 2017) (providing that "conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment" (citing *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

To the contrary, as set forth above, the record establishes that the applicable TDOC Inmate Grievance Procedures defined an inmate grievance as a written complaint concerning one policy or practice or a single behavior, action, condition, or incident affecting the grievant, and that the "Inappropriate Grievance Notification" form that is part of the grievance procedures specifically stated that a grievance cannot address multiple issues. (Doc. 17-4, at 1, 14.) Moreover, the record establishes that Plaintiff was aware that a TDOC grievance could not address multiple issues, as a prison official rejected his October 2019 grievance regarding his classification issues because it addressed multiple issues, among other reasons (Doc. 17-3, at 7), and Plaintiff therefore specified in his February 14, 2020 grievance that "[t]his grievance

---

[3] Petitioner also claims that Warden Hutchinson "illegally" reviewed and denied his grievances because Plaintiff was complaining about Warden Hutchinson (Doc. 17-3, at 17). But Plaintiff cites no evidence to support this, nor does it have any bearing on whether Plaintiff's grievances complied with the applicable TDOC Inmate Grievance Procedures.

concerns (1) one issue – Violation of Due Process in accordance with TDOC Administrative Policies and Procedures." (Doc. 17-3, at 23.)

But Plaintiff's declaration that his February 2020 grievance addressed only one issue was disingenuous, as his grievance addressed at least two issues, specifically Plaintiff's due process concerns with his classification/placement and the taking of his wheelchair. (Doc. 17-3, at 23, 24–27.) And, as the Court noting in its screening order in which it dismissed Plaintiff's due process claims, the record establishes that these are two different issues, as Plaintiff alleges that Defendant Johnson took his wheelchair more than two weeks before his placement in administrative segregation. (Doc. 4, at 6 (citing Doc. 2, at 9, 15).) Defendant Johnson's affidavit in support of his motion for summary judgment further establishes that these are two separate issues, as it indicates that the taking of Plaintiff's wheelchair resulted from medical personnel viewing video footage of Plaintiff's altercation with another inmate and therefore issuing a medical order for prison officials to take the wheelchair, rather than Plaintiff's placement in administrative segregation. (Doc. 17-1, at 1.)

Thus, the undisputed evidence establishes that Plaintiff did not follow the TDOC's critical procedural rule providing that a grievance may not address multiple issues in filing his February 2020 grievance regarding Defendant Johnson taking his wheelchair, such that prison officials could address this claim on the merits. And as the prison officials' rejection of Plaintiff's grievance on the ground that it addressed multiple issues was proper, the Court will not address whether their rejection of the grievance on the ground that it also addressed classification matters also was proper.

As such, the undisputed evidence in the record would not allow a reasonable jury to find that Plaintiff properly exhausted his available administrative remedies prior to filing this action,

7

as the PLRA requires.  The Supreme Court has found that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  Accordingly, Defendant Johnson is entitled to summary judgment due to Plaintiff's failure to exhaust his available administrative remedies prior to filing this action.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for discovery (Doc. 16) will be **DENIED as moot**, Defendant Johnson's motion for summary judgment (Doc. 17) will be **GRANTED**, and this action will be **DISMISSED without prejudice**.  Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and thus Plaintiff will be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**